**SO ORDERED.**

**SIGNED this 10 day of March, 2008.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: )<br>JUDY LEE CRAIG, )<br>)<br>Debtor. )<br>_____ )<br>)<br>DARCY D. WILLIAMSON, Trustee for )<br>the Bankruptcy Estate of Judy Lee Craig )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JUDY LEE CRAIG, )<br>)<br>Defendant. )<br>_____ ) | Case No. 02-42261<br>Chapter 7<br><br><br><br><br><br><br><br>Adversary No. 07-7003 |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO CORRECT JUDGMENT**

This matter is before the Court on Defendant's Motion to Correct Judgment Pursuant to Rule 60.[1] Defendant, Judy Lee Craig ("Defendant" or "Debtor") is seeking an amendment to the Court's

_____

[1]Doc. 44.

order granting summary judgment in favor of Plaintiff, Darcy D. Williamson, Trustee ("Plaintiff" or "Trustee"), which was entered on January 18, 2008. For the reasons set forth below, the Court denies Debtor's motion.

This matter constitutes a core proceeding[2] and the Court has jurisdiction to decide it.[3]

## I. FINDINGS OF FACT

The Trustee initiated this adversary proceeding seeking turnover of Debtor's 2005 income tax refund, as well as other relief.[4] On December 14, 2007, the Trustee moved for summary judgment regarding that refund, arguing it was part of the converted Chapter 7 estate because Debtor had converted her case in bad faith, and because the confirmation order entered in the Chapter 13 proceeding, prior to conversion, provided that the tax refund would be property of the estate in the event Debtor converted her case.[5] Debtor failed to respond to the summary judgment motion within 23 days, as required by D. Kan. Rule 6.1 and D. Kan. LBR 7056.1.

Out of an abundance of caution, in the highly unlikely event counsel had not received electronic notification of the motion, the Court sent a letter to Debtor's counsel on January 9, 2008 informing him that the response to the motion for summary judgment was now overdue, and allowing an additional ten days to file a response.[6] Debtor then filed a response to the motion for

---

[2] 28 U.S.C. § 157(b)(2)(E).

[3] 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1).

[4] The Trustee also sought both revocation of Debtor's discharge and turnover of property Debtor inherited during the pendency of her Chapter 13 case, before it was converted to a Chapter 7 proceeding. These issues were separately considered, and are not directly implicated in this motion for reconsideration.

[5] Doc. 33. The language contained in the order was: "In a case which is converted to another Chapter under Title 11 of the United States Code, property, other than funds which the Chapter 13 Trustee has on hand, and moneys which have been withheld from the debtor's wages not remitted to the Trustee, which are part of the Bankruptcy estate at the time of conversion, including tax refunds, shall be administered by the successor Trustee."

[6] Doc. 35.

2

summary judgment. The entire one page response to the Trustee's six page summary judgment motion, which contained nine numbered facts, follows:

> COMES NOW the Debtor and in response to the Trustee's Motion for Summary Judgment, states:
>
> 1. That there remain unresolved facts in the determination of the Debtor's proper retention of her post petition income tax refunds pursuant to in Re Reed (sic).
>
> 2. That the partial Journal entry of Judgment entered herein specifically excluded any determination as to the disposition of the income tax refunds, therefore there has been no determination as to the Debtor's "bad faith" regarding those refunds.
>
> 3. That the Trustee currently has a judgment sufficient to pay all claims in full.
>
> 4. That the issues herein are not ripe for summary judgment.
>
> WHEREFORE, Debtor respectfully requests this Court to deny the Motion for Summary Judgment.

On January 18, 2007, the Court entered an oral ruling granting the Trustee's motion for summary judgment in part, and denying it, in part. Those oral findings of fact and conclusions of law were later incorporated by reference into an abbreviated written ruling also entered that day.[7]

The Court first noted that Debtor's response to the motion was wholly inadequate, failing to adhere to minimum requirements for responding to summary judgment motions set forth in local rules and the Federal Rules of Bankruptcy Procedure. The Court recognized that even though Debtor's response was inadequate, the Trustee still bore the burden of showing that she was entitled as a matter of law to judgment on her claims. After its analysis of the asserted facts, which were

---

[7]Doc. 40.

3

Case 07-07003    Doc# 47    Filed 03/10/08    Page 3 of 10

deemed admitted pursuant to D. Kan. Rule 6.1(a) and D. Kan. LBR 7056.1(a),[8] the Court found the Trustee had not met her burden of showing that Debtor has converted her case in bad faith.

The Court did find that the Trustee had presented sufficient evidence to show that the language in the confirmation order required Debtor to turn over her 2005 tax refund, deemed to be property of the estate, based on the Court's decision in *In re Reed*.[9] The Court entered judgment in favor of the Trustee in the amount of $4,405.00, which represented the full amount of the 2005 income tax refund.

On February 11, 2008, twenty-four days after the Court entered judgment, Debtor filed the current motion, seeking to "correct" the judgment pursuant to Fed. R. Civ. P. 60(b)(1), (5) and (6). Debtor claims that "[due] to mistake, inadvertence, or excusable neglect, the value of the 2005 tax refund to the Chapter 13 Estate in the amount of $4,405.00 sought by the Trustee and awarded by the Court is incorrect." Debtor claims that because the Court previously sanctioned Debtor's annual use of $2,400 in income tax refunds to fund her Chapter 13 plan, the amount of the judgment should be reduced by that amount.[10] Debtor also claims that because the Chapter 13 Trustee typically only claims the liquidation value of tax refunds (the refund amount less the 25% Chapter 7 Trustee's fee),

---

[8]"All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."

[9]2007 WL 2023577 (Bankr. D. Kan. July 9, 2007) (holding that although long-standing language contained in confirmation order was legally incorrect, it nevertheless had to be given res judicata effect).

[10]As the Court more fully explained in *In Re Reed*, "[t]he actual monthly income for many of these debtors is insufficient to meet their ongoing expenses as well as fund a Chapter 13 plan payment, but if they can spread out the anticipated tax refund over the year, some of those debtors can potentially succeed in a Chapter 13 plan. The fiction is that they will create a savings account with that tax refund, and draw out of it for payment of necessary expenses for the upcoming year." 2007 WL 2023577 (Bankr. D. Kan. 2007). More often than not, the disproportionately high refund, as compared to income, is as a result of entitlement to an earned income credit, so debtors are unable to adjust their deductions to prevent receiving the large refund at once. *See* 26 U.S.C. § 32 (2006).

4

that the amount of the judgment should be reduced an additional 25%, or $501.00, on that basis. Debtor thus seeks to have the judgment reduced from $4,405 to $1,503.

## II. STANDARD FOR MOTIONS FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)

Debtor has sought relief from the Court's prior judgment pursuant to Fed. R. Civ. P. 60(b)(1), (5) and (6). Rule 60 is made applicable in bankruptcy proceedings, with certain limited exceptions not applicable here, pursuant to Fed. R. Bankr. P. 9024. Rule 60(b) provides an avenue for parties to seek relief from a judgment on several grounds, including mistake, inadvertence, excusable neglect, newly discovered evidence or fraud. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[11] "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[12]

Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances."[13] "Rule 60(b) is 'not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument.'"[14]

---

[11] *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

[12] *Id.*

[13] *Id.* at 1009.

[14] *F.D.I.C. v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)).

5

Finally, Debtor must also establish that she qualifies for Rule 60(b) relief by "clear and convincing evidence."[15]

The most common basis for seeking relief under Rule 60(b) is a claim of mistake, inadvertence, surprise or excusable neglect under Rule 60(b)(1). Motions for relief under Rule 60(b)(1) are intended to provide relief under two circumstances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."[16] "Thus, a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."[17] "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."[18]

The other two subsections of Rule 60(b) upon which Debtor relies are Rules 60(b)(5) and (6). Rule 60(b)(5) provides relief from a judgment where the moving party can show that the judgment has been satisfied, released or discharged, or a prior judgment upon which the current one is based has been reversed or otherwise vacated, or it is no longer equitable to provide prospective application of that judgment. Rule 60(b)(6) provides relief to parties for "any other reason justifying relief from the operation of the judgment." A Rule 60(b)(6) motion may not be used as a vehicle to re-allege allegations that could be brought under Rule 60(b)(1) - (5).[19] Rule 60(b)(6) relief is

---

[15]*Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995).

[16]*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

[17]*Id.*

[18]*Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir.1990).

[19]*See Spitznas v. Boone*, 464 F.3d 1213, 1225 n. 11 (10th Cir. 2006) (citing *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996)).

6

more difficult to obtain and is appropriate only "when it offends justice to deny such relief."[20] Although the Tenth Circuit has held that relief under Rule 60(b)(6) "is extraordinary and reserved for exceptional circumstances," it has also stated that "'the rule should be liberally construed when substantial justice will thus be served.'"[21]

## III. ANALYSIS

Debtor articulates two reasons why the Court should grant relief from the Court's order granting summary judgment in favor of the Trustee. First, Debtor claims that the judgment should be reduced by $2,400, which represents that portion of Debtor's annual tax returns that she claims the Court impliedly allowed her to retain by confirming a plan that was dependent on her Schedule I, which included as income $200 per month from anticipated annual tax refunds. Second, Debtor claims that because the Chapter 13 Trustee only required turnover of the liquidation value of tax returns in pre-BAPCPA[22] Chapter 13 proceedings, after deduction for costs such as the Chapter 7 Trustee fee, the refund payable to the estate should be reduced by that amount.[23]

The Court finds that Debtor has not shown that she is entitled to relief pursuant to Rule 60(b). First and foremost, each of the claims Debtor is now raising was known to Debtor from the

---

[20]*Yapp*, 186 F.3d at 1231 (internal quotation omitted).

[21]*McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) (quoting *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975)).

[22]The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") made sweeping changes to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. However, this case was filed prior to October 17, 2005, when most provisions of BAPCPA became effective. All statutory references to the Bankruptcy Code are to 11 U.S.C.A. §§ 101 - 1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

[23]Debtor cited to Rule 60(b)(5), but then did not develop any argument under that subsection. The Court expected that Debtor would again argue that the Trustee had received a prior consent judgment for turnover of a large part of an inheritance Debtor had received, and the amount of that judgment was sufficient to pay the claims of all creditors. The Court rejected that argument in its oral findings of fact and conclusions of law because nothing in the record shows that the amount of the prior judgment will, in fact, pay all the claims, including trustee fees and expenses.

7

outset of this case and could have been raised prior to the Court's entry of judgment. These arguments could, and should, have been raised in response to the Trustee's motion for summary judgment, for which response the Court allowed additional time for filing. Motions for reconsideration are not appropriate vehicles to "revisit issues already addressed or <u>advance arguments that could have been raised in prior briefing</u>."[24]

Although the Court is required to deny this motion for reconsideration on the basis that it belatedly raises arguments that Debtor could and should have timely raised, the Court also notes that the bases for relief claimed by Debtor are not nearly as clear cut as her motion implies. For example, whether the judgment should be reduced by the amount of Debtor's anticipated tax returns reflected in her Schedule I involves much more than simply subtracting $2,400 from the amount of the judgment. Although Debtor's Schedule I amortized $200 of her anticipated $2,400 annual tax refund and treated it as "other income" on Schedule I so that she could show she had sufficient monthly income to cover both her monthly living expenses and the amount needed to cover her monthly plan payment, there is nothing that ensures the $200 a month, or $2,400 annually, from the tax return was actually needed, or went to Debtor's creditors. Debtor also did not file an affidavit in response to the summary judgment motion fulfilling her burden of demonstrating that her overall 2005 income (including the refund) did not exceed her reasonable and necessary expenses, coupled with her required plan payment.

As the Court noted in *In re Reed*, the Court needs to determine whether a debtor had unscheduled or unbudgeted expenses (or a reduction in income) that would have justified the use of refunds in light of the debtor's then income. Thus, the procedure adopted in *In re Reed* was to

---

[24]*Servants of Paraclete*, 204 F.3d at 1012 (emphasis added).

require debtors to establish, with documentary evidence, their actual income and expenses during the months in question. Because Debtor's response to the summary judgment motion did not include an affidavit or other admissible evidence from Debtor outlining what her overall income and expenses were for 2005, Debtor failed to allow the Court to see her entire financial picture. For her to thus belatedly come in and argue that the Court allowed her to use the $200 per month in anticipated tax refunds is only one-half of the equation.

She is also required to demonstrate that her 2005 income had not increased (or expenses reduced), which might have enabled her to cover her expenses and plan payment and still turnover a refund to the Trustee. Contrary to Debtor's assertion, the Court, in confirming the Chapter 13 plan, did not "approve the Debtor's annual use of $2,400.00 of that refund . . . ." Rather, the Court recognized that because Debtor had these additional funds available to her in the event they were needed, the plan became feasible when those sums were included. This does not mean that if this pre-BAPCPA Debtor then received a $1000 a month raise six months after her plan was confirmed, that she could continue to retain all post-petition refunds just because at the moment her plan was confirmed, she needed the projected refund to pay expenses. In response to the motion for summary judgment, Debtor elected not to provide information about her entire income and expense situation for 2005, and for that reason, the Court cannot grant Rule 60(b) relief.

Under the appropriate circumstances, and with the consent of the Chapter 13 Trustee, Debtor may well have been allowed to retain some or all of the refunds to fund her Chapter 13 plan. Unfortunately for Debtor, those issues should have been timely raised in opposition to the Trustee's summary judgment motion. Debtor's decision not to timely raise all appropriate defenses prior to

9

entry of summary judgment does not now entitle her to relief under Rule 60(b).[25] If this were a situation where the relief sought by Debtor was simply a mathematical correction to a judgment that was entered in error, application of Rule 60(b) might well be appropriate. Because the motion for reconsideration essentially seeks to reopen all the issues in the case, and litigate the defenses Debtor simply failed to timely raise, it is not appropriate to grant Rule 60(b) relief.

**IV.     CONCLUSION**

The Court finds that Debtor's Motion to Correct Judgment Pursuant to Rule 60 should be denied. Debtor has raised issues that, if raised in a timely manner, may have provided a valid partial defense to the Trustee's request for turnover of Debtor's 2005 tax refund, depending on the evidence presented, and arguments made. However, Debtor clearly failed to raise those defenses at the proper time, and a motion for relief under Rule 60(b) is not a suitable vehicle for Debtor to raise claims that she clearly could have, but, for unknown reasons, failed to raise in a timely manner.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Debtor's Motion to Correct Judgment Pursuant to Rule 60[26] is denied.

###

---

[25] *Pelican Prod. Corp.*, 893 F.2d at 1146. *See also, Satterlee v. Allen Press, Inc.*, 455 F. Supp. 2d 1236, 1243 (D. Kan. 2006) (noting that the Tenth Circuit and courts in this district have declined to find attorney carelessness or negligence constitute a sufficient basis to set aside a judgment under Rule 60).

[26] Doc. 44.